1  TOWNSEND AND TOWNSEND AND CREW LLP
   MARC M. GORELNIK (State Bar No. 166833)
2  Two Embarcadero Center, Eighth Floor
   San Francisco, CA 94111
3  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
4  Email: mmgorelnik@townsend.com

5  KILPATRICK STOCKTON
   CHRISTOPHER P. BUSSERT
6  1100 Peachtree Street, Suite 2800
   Atlanta, GA 30309
7  Telephone: (404) 815-6500
   Facsimile: (404) 815-6555
8  Email: cbussert@ kilpatrickstockton.com

9  Attorneys for Plaintiff
   IMAX CORPORATION
10
   MANDOUR & ASSOCIATES, APC
11 JOSEPH A. MANDOUR (State Bar No. 188896)
   BEN T. LILA (State Bar No. 246808)
12 16870 West Bernardo Drive
   Suite 400
13 San Diego, CA 92127
   Telephone: (858) 487-9300
14 Facsimile: (858) 487-9390
   Email: jmandour@mandourlaw.com
15
   Attorneys for Defendants
16 ZIAOFENG ZHANG, individually
   and NEW TRENT, INC.
17

18                UNITED STATES DISTRICT COURT

19                NORTHERN DISTRICT OF CALIFORNIA

20

21 IMAX CORPORATION,                )  No. C 10-02552 LHK
                                    )
22                     Plaintiff,   )  **FINAL JUDGMENT AND**
                                    )  **PERMANENT INJUNCTION ON**
23       vs.                        )  **CONSENT**
                                    )
24 ZIAOFENG ZHANG, individually     )
   and NEW TRENT, INC.,             )
25                                  )
                       Defendants.  )
26

27       Plaintiff IMAX Corporation ("IMAX") and Defendants Ziaofeng

28 Zhang, individually and New Trent, Inc. ("Defendants") have consented to

                                 - 1 -

the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of facts and conclusions of law, which the Court hereby adopts solely for purposes of entry of this Consent Judgment. *Lucy H. Koh*

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Plaintiff IMAX Corporation ("Plaintiff") is a Canadian corporation having a principal place of business located at 2525 Speakman Drive, Sheridan Science and Technology Park, Mississauga, Ontario, Canada L5K 1B1.

2. Defendant Ziaofeng Zhang resides at 44412 Pomace Street, Fremont, California 94539. Defendant New Trent Inc. is a California corporation having a principal place of business at 44412 Pomace Street, Fremont, California 94539.

3. Pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331 and 1338, this Court has subject matter jurisdiction over IMAX's claims over Defendants.

4. Since at least 1972, IMAX has been, and is currently, using the IMAX mark in connection with a wide range of technology and services including projection systems, cameras, sound systems, motion picture conversion and editing equipment, and production and post-production services, many of which employ or otherwise utilize computer technology, as well as screens and motion picture films and the operation of a worldwide system of motion picture theaters. IMAX's IMAX mark has also been and is currently used in connection with a wide variety of merchandise including audio and audio-visual tapes and compact discs. IMAX's use of its IMAX mark has been valid and continuous since the date of first use and has not been abandoned.

- 2 -

IMAX Corp. v. Zhang, et al.
Case No. CV-10-2552 LHK

FINAL JUDGMENT AND PERMANENT
INJUNCTION ON CONSENT

5. Plaintiff is the owner of numerous federal trademark registrations for the IMAX mark in connection with a broad array of goods and services including: Reg. No. 942,747, Reg. No. 2,857,685, Reg. No. 2,958,015, Reg. No. 1,283,679, Reg. No. 2,121,078, Reg. No. 2,197,111, Reg. No. 2,263,032, Reg. No. 2,302,107, Reg. No. 3,013,611, Reg. No. 2,857,684, and Reg. No. 3,650,746.

6. Plaintiff also is the owner of other IMAX marks which are used in connection with a broad array of goods and services, including: IMAX DOME, IMAX 3D, IMAX HD, and IMAX PSE.

7. Defendants have designed, manufactured, marketed, sold, and offered for sale batteries, battery chargers, and external battery backup accessories in interstate commerce for cellular phones, laptops, mobile video gaming systems, and various other mobile devices under the designation "Imaxpower." Defendants' goods have been advertised on the Internet and on Defendants' web site, which was accessible through the URL <www.imaxpower.com>.

8. On June 9, 2010, IMAX commenced the above-captioned action (the "Action") by filing a Complaint (the "Complaint") against Defendants. The Complaint alleged trademark infringement, unfair competition, and trademark dilution arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. (2004) ("Lanham Act"), and the common law.

9. This Court has personal jurisdiction over Defendants because Defendants reside in this State, do business in this State, have distributed, offered for sale, or sold allegedly infringing merchandise within this State, have allegedly engaged in acts or omissions within this State causing injury, and have otherwise established contacts with this State making the exercise of personal jurisdiction proper.

- 3 -

IMAX Corp. v. Zhang, et al.
Case No. CV-10-2552 LHK

FINAL JUDGMENT AND PERMANENT
INJUNCTION ON CONSENT

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside in this District, and a substantial part of the events or omissions giving rise to the action occurred in this District.

## PERMANENT INJUNCTION AND ORDER

Based on the parties' stipulation and agreement hereto, it is hereby ORDERED, ADJUDGED, and DECREED:

11. Defendants shall pay IMAX the sum of Five Thousand Dollars ($5,000) within fifteen (15) days from entry of this Consent Judgment.

12. Defendants shall assign the URL <imaxpower.com> to IMAX within fifteen (15) days from entry of this Consent Judgment.

13. Defendants and their respective agents, servants, employees, predecessors, officers, directors, shareholders, and all other persons acting for, with, by, through, or under authority from Defendants, or in concert or participation with Defendants are hereby **PERMANENTLY RESTRAINED AND ENJOINED** from using any name, mark or URL consisting of or including "IMAX" or "Imaxpower" or any other confusingly similar imitation of IMAX's IMAX® mark in connection with Defendants' businesses, goods or services (including without limitation use of the above-referenced designations within the phrase "formerly known as . . .").

14. IMAX and Defendants acknowledge that they have knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel or having had ample opportunity to consult with counsel. IMAX and Defendants understand the undertakings, obligations and terms of this Consent Judgment.

15. The parties shall bear their own attorneys' fees, expenses, and costs associated with the Action.

16. Except as to Defendants' obligations set forth in this Consent Judgment, IMAX claims against Defendants in this Action are hereby

- 4 -

IMAX Corp. v. Zhang, et al.
Case No. CV-10-2552 LHK

FINAL JUDGMENT AND PERMANENT INJUNCTION ON CONSENT

dismissed with prejudice. Without limiting the foregoing, it is the intention of the Parties in executing the Consent Judgment, that the Consent Judgment shall be effective as a bar to each and every claim, demand, and cause of action that the parties may presently have against one another except as to the parties' obligations set forth in this Consent Judgment. In furtherance of this intention, the parties hereby expressly waive any and all rights or benefits conferred by the provisions of Section 1542 of the California Civil Code, and by any similar provision of the law of any state, or federal law, now in effect or in effect in the future, and expressly consent that this stipulation shall be given full force and effect according to each and all of its express terms and conditions, including those relating to unknown and unsuspected claims, demands and causes of action specified above, if any. Section 1542 provides:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time executing a release, which if known by him might have materially affected his settlement with the debtor."

The parties acknowledge that they understand the significance and potential consequences of their release of unknown claims and of the specific waiver of their rights under Section 1542 or similar law.

17.   No appeals shall be taken from this Consent Judgment, and IMAX and Defendants hereby waive all right to appeal from this Consent Judgment.

(signatures continued on next page)

| | |
|---|---|
| 1 | (signatures continued from preceding page) |
| 2 | *MR* Agreed to by and between the Parties hereto as of this the __6th__ day |
| 3 | of ~~July~~ August, 2010. |

| | |
|---|---|
| 4 | IMAX CORPORATION | ZIAOFENG ZHANG, an individual |
| 5 | By: _[signature]_ | |
| 6 | | _[signature]_ |
| 7 | Name: G. MARY RUBY<br>Exec. VP Corporate Services,<br>Date: & Corporate Secretary  08/06/10 | Date: 07/27/2010 |
| 8 | | |
| 9 | | NEW TRENT INC. |
| 10 | Jeffrey Vance | |
| 11 | Vice President<br>Finance & Controller | By: _[signature]_ |
| 12 | | Name: Xiaofeng Zhang |
| 13 | | Date: 07/27/2010 |
| 14 | Approved as to form: | |
| 15 | _[signature]_ | _[signature]_ |
| 16 | TOWNSEND AND TOWNSEND<br>AND CREW LLP | BEN T. LILA<br>MANDOUR & ASSOCIATES, APC |
| 17 | MARC M. GORELNIK | 16870 West Bernardo Drive |
| 18 | Two Embarcadero Center Eighth<br>Floor | Suite 400<br>San Diego, CA 92127 |
| 19 | San Francisco, CA 94111<br>Telephone: (415) 576-0200 | Telephone: (858) 487-9300<br>Facsimile: (858) 487-9390 |
| 20 | Facsimile: (415) 576-0300<br>Email: mmgorelnik@townsend.com | jmandour@mandourlaw.com |
| 21 | and | Attorneys for Defendants<br>ZIAOFENG ZHANG, individually<br>and NEW TRENT, INC. |
| 22 | KILPATRICK STOCKTON LLP<br>CHRISTOPHER P. BUSSERT | |
| 23 | 1100 Peachtree Street<br>Suite 2800 | |
| 24 | Atlanta, GA 30309-4530<br>Telephone: (404) 815-6545 | |
| 25 | Facsimile: (404) 541-3144<br>cbussert@kilpatrickstockton.com | |
| 26 | | |
| 27 | Attorneys for Plaintiff<br>IMAX CORPORATION | |
| 28 | (signatures continued on next page) | |

- 6 -

IMAX Corp. v. Zhang, et al.
Case No. CV-10-2552 LHK

FINAL JUDGMENT AND PERMANENT
INJUNCTION ON CONSENT

1  Pursuant to the parties' stipulation, which the Court hereby adopts solely for purposes of entry of this Consent Judgment, IT IS SO ORDERED. The Clerk shall close this file.

Dated: August 11, 2010

_____
Hon. Lucy H. Koh
United States District Judge

Imax Corp v. Zhang et al.
Case No. CV-10-2552 LHK